Hillsborough,
No. 5546.

GLADYS M. ARCHIE & a.

v.

CLIFFORD I. BLAIR.

Argued November 2, 1966.
Decided December 20, 1966.

*Bois & Laflamme ( Mr. Maurice P. Bois* orally ), for the plaintiffs.

*Devine, Millimet, McDonough, Stahl & Branch ( Mr. Bartram C. Branch* orally ), for the defendant.

BLANDIN, J. The parties have agreed that the accident happened on a dark, clear November night about 7:15 P.M. at or near the intersection of Woodbury Avenue with South Main and Boynton Streets in Manchester, New Hampshire. The plaintiffs, the only occupants of their car, were traveling in a westerly direction on Woodbury Avenue, the automobile being driven by the husband. The defendant was proceeding southerly on South Main Street, accompanied by his dog. The Archies were intending to turn into Boynton Street when the left front of the defendant's automobile collided with the right rear of their car in the southwest quadrant of the intersection.

The plaintiffs claim that the allowance of the defendant's argument relative to the burden of proof as bearing upon the alleged intoxication of the defendant was prejudicial error. Plaintiffs' counsel first introduced this subject in cross - examination of the defendant, whom he had called to the stand and who admitted that he had taken two glasses of wine with his noonday meal, which he had enjoyed with friends in Loudon, New Hampshire. Later in the trial, the two Manchester police officers who had investigated the accident testified that the defendant was under the influence of liquor and that he was arrested and taken to the police station in a police cruiser. There he was given a blood test, as one of the officers said, " For the benefit of everyone concerned, to find out whether or not the man is intoxicated or not. "

Counsel agreed that the defendant was charged with driving under the influence but that the case was nol prossed. The Court at first refused to let the defendant bring out the fact of the nol pros. However, after a lengthy discussion in chambers with counsel, the Court, in accordance with their agreement, instructed the jury as follows:

" Gentlemen, at this particular point the Court wants to instruct you as to some of the evidence that has already come into this case. Even though, ladies and gentlemen, there is evidence of the defendant's arrest for driving under the influence, all of the parties

to these proceedings have agreed, and you are thus instructed, that the defendant, Mr. Blair, was not prosecuted on any charge in connection with this particular accident. "

Throughout the trial, the issue of the defendant's alleged intoxication was dwelt upon at length, not only directly but by innuendo. Plaintiffs' counsel subjected him to a searching cross-examination as to how much he had drunk and also as to the reasons for the repeated stops which the defendant conceded he had made as he drove from Loudon to the scene of the accident, on his way to his home in Nashua. The defendant asserted that he had stopped partly to fill his pipe, but mostly to " air " his dog.

Defendant's counsel, pursuing the subject, at once pleaded and demonstrated his ignorance of customs canine, immemorial and inviolate, by stating " I don't own a dog " and then inquiring, " Did he have weak kidneys? What were all these stops for? " The defendant promptly rejected the insinuation that his dog suffered from any malfunctioning of his kidneys. He went on to say that he was traveling leisurely and in no hurry to get to his home, because all he had to do when he arrived was to give his pet parakeet a bath.

From all these circumstances, it is obvious as bearing on liability, that a crucial issue before the jury was whether the defendant was intoxicated. Defendant's counsel's argument upon this subject, of which the plaintiffs complain, was as follows: " The first thing they say is he had some wine, but the blood test wasn't brought in here. We didn't have the burden of proof. They didn't bring in the blood test — Mr. Bois: ( interposing ) Just a moment. If it please the court I hate to interrupt the argument but to this I wish to object. We had no burden of proof to bring in any blood test. In fact, I insist that the burden of proof was on the defendant. " Upon the Court's asking defendant's counsel to state his position, he replied: " Well, your honor, we state that the accusation was made that Mr. Blair was under the influence of liquor — intoxicating liquor; and, since this was their accusation, that they had the burden to prove it. " The Court then said: " It may stand, and the jury — you're instructed to take your own recollection of the evidence in regard to this particular aspect of the case. "

We are unable to accept the plaintiffs' argument that these proceedings were prejudicial. It appeared at the trial that a blood

test had been taken of the defendant at the police station on the night of the accident. No reason is suggested why either party could not have become equally aware of this fact and produced this material piece of evidence. RSA 262:20 ( now RSA 262-A:63 ). *State* v. *Reenstierna*, 101 N. H. 286. Since this evidence was apparently available, either party had the right to comment on the failure of the other to introduce it. See *Musial* v. *McGuire*, 96 N. H. 281; *Abel* v. *Yoken*, 104 N. H. 119, 122, 123. The plaintiff, who argued last, was in fully as favorable a position as the defendant to take advantage of this situation. The case of *Public Service Co.* v. *Chancey*, 94 N. H. 259, relied upon by the plaintiff, is inapposite. There the evidence commented upon by the defendant was inadmissible. In the case before us, as previously stated, it was clearly competent. *State* v. *Reenstierna, supra.* In brief, we find no prejudicial error in the allowance of the defendant's argument, and the plaintiffs' exceptions thereto are overruled.

The plaintiffs also contend that the Court's charge bearing on the arrest and further prosecution — or lack of it — of the defendant was erroneous. They claim that in effect it instructed the jury to disregard entirely the testimony of the police officers and " went beyond " the agreement of counsel on this matter and the Court's previous instructions given during the trial in accordance with counsel's agreement. The Court charged the jury as follows: " Now, ladies and gentlemen, you are also instructed — and this is important — that the fact of any arrest or any evidence as to prosecution or lack of prosecution on the matter of driving under the influence is to be completely disregarded by you. This is as it should be because this is a civil proceeding and the tests differ. You are to restrict and limit yourself to the evidence in this particular case. You have, yes, the right to consider all the evidence as to the surrounding circumstances that took place; but the mere fact of an arrest or the disposition of a case or conviction or prosecution has no place in these proceedings, and you are not to consider any evidence on that score and you are accordingly instructed. "

We find nothing in these instructions to warrant a conclusion that the jury understood that they were to disregard the officers' testimony. It was stated here and stressed in other portions of the charge that the jury should consider all of the evidence and all the testimony. The mere fact of arrest and the subsequent

disposition of the case only were to be excluded. This procedure was entirely correct. *Beaule* v. *Weeks*, 95 N. H. 453, 459-460; *Public Service Co.* v. *Chancey*, 94 N. H. 259. The plaintiffs had introduced the fact of arrest. It concededly was improper, as the above cases show, though it apparently crept in through an irresponsive answer. This immediately placed the defendant at an unfair disadvantage, as the *Beaule* case points out. The transcript discloses that both counsel realized this and agreed that the Court should instruct the jury during the trial, as it did, that though there had been an arrest, the defendant was not prosecuted. When it came to delivering the charge, since both the fact of the arrest and the subsequent disposition of the case were incompetent, as apparently the Court at that time recognized, he properly instructed the jury to disregard these facts. *Beaule* v. *Weeks*, *supra*, 459-460; *Public Service Co.* v. *Chancey*, *supra*, 259. We believe in all the circumstances that this was a sensible method of proceeding and the best solution of a troublesome situation. The instructions fairly balanced the conflicting interests of the parties and were prejudicial to neither. Accordingly, the plaintiffs' exceptions are overruled.

The plaintiff Gladys contends that the verdict in her favor was grossly inadequate and should be set aside. We are unable to agree. There is no claim of lost wages and her entire medical bill allegedly incurred as a result of this accident through March 26, 1965 amounts to only approximately $178. Her X-rays taken proved negative, and she was not hospitalized. One of her doctors first saw her July 12, 1961, some eight months after the accident. After treating her for a lame back and various aches and pains, he discharged her on October 15, 1962, with a notation: "Some muscular lameness. Discharge prognosis: Good." Later he examined her again in March, 1965. The most he would say when asked whether her complaints in 1965 bore any relation to the accident, was "I didn't know." Later he stated that there was a "possible relationship."

Although this evidence of a "possible" connection was incompetent (*Bentley* v. *Adams*, 100 N. H. 377, 379; N. H. Bar Journal, Vol. I, No. 1, *p.* 36; see *Jolicoeur* v. *Conrad*, 106 N. H. 496, 498), it was admitted and left for the jury to consider which was a circumstance favorable to the plaintiff. It is elementary that the jury had a right to accept or believe such portions of this evidence as they saw fit (*Bill* v. *Company*, 90

N. H. 453, 456-457 ), and the record supports their conclusion. We are satisfied that there was no abuse of discretion in the Court's refusal to set the $1,000 verdict for her aside.

The plaintiffs' final argument that the defendant's verdict in the case of William P. Archie should have been set aside because "arrived at through accident, mistake or misfortune, passion and prejudice, and . . . plain error" does not require extended consideration. Among other facts, it appeared that neither driver was aware of the presence of the other car before the collision, although each claimed to be keeping a lookout.

In summary, a careful reading of the entire transcript discloses ample evidence to sustain the jury's implicit finding of the plaintiff husband's contributory negligence on the hotly contested issue of liability.

No errors appearing in the record, the order is

*Judgment on the verdicts.*

All concurred.